

**U.S. Department of Justice**
*Billy J. Williams*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*       *(503) 727-1000*
*Portland, OR 97204-2902*       *Fax (503) 727-1117*

June 20, 2016

*Via NextGenECF*

Ms. Molly Dwyer
Clerk of the Court
United States Court of Appeals
For the Ninth Circuit
95 Seventh Street
San Francisco, California   94103-1526

      Re:  *United States v. Mohamed Osman Mohamud*, No. 14-30217, 28(j) Letter

Dear Ms. Dwyer:

      The first three issues in this case relate to the law of entrapment and predisposition as applied to a terrorist sting operation.   In preparing for oral argument, we discovered that the parties had neglected to cite a relevant case:   *United States v. Cromitie*, 727 F.3d 194 (2d Cir. 2013), *cert. denied*, 135 S. Ct. 53 (2014).   Cromitie was convicted of terrorism offenses and he appealed the district court's failure to grant his bid for entrapment as a matter of law or dismissal based on outrageous government conduct.   In finding evidence that defendant was predisposed to commit the offense, the court analyzed whether a defendant's prior design was sufficiently specific, giving greater variation for terrorism offenses because "of the broad range of activities that can constitute terrorism."   *Id.* at 207.   Thus, someone who wants to inflict harm on the United States prior to contact with government agents may be predisposed to commit a specific charged terrorism offense.   *Id.*

      Cromitie had neither begun stockpiling missiles to target the Air National Guard nor had he assembled bomb components intended for local synagogues when he was first approached by an FBI informant.   He was a poorly paid Walmart employee who sold small quantities of drugs to supplement his income.   Nevertheless, during his first meeting with the informant, Cromitie stated that he "wanted to do something to America."   *Id.* at 212.   His statements, which followed the government's first contact, but which the court found were "independent of any inducement," demonstrated Cromitie's predisposition.   *Id.* at 213-14.   The court rejected Cromitie's arguments that

Ms. Molly Dwyer
Page 2 - *U.S. v. Mohamud*
June 20, 2016
_____

he had been entrapped as a matter of law and that the government had engaged in outrageous conduct.

      Muhamud expressed a similar enthusiasm when he was first approached by the undercover FBI agents in this case, and he specifically affirmed that he had wanted to kill "the enemies of God" since he was 15 years old. (Ex. 86). The agents' alleged inducement in this case was far more modest than that involved in *Cromitie*. As a consequence, *Cromitie* supports the district court's rejection of Muhamad's argument that the jury verdict should be rejected because he was entrapped as a matter of law.

      Sincerely,

      BILLY J. WILLIAMS
      United States Attorney
      District of Oregon

      *s/Kelly A. Zusman*
      KELLY A. ZUSMAN
      Appellate Chief
      Assistant U.S. Attorney

cc:    Lisa Hay, FPD (*via ECF*)
       Stephen R. Sady, Chief Deputy, FPD (*via ECF*)
       Mark Ahlemeyer, AFPD (*via ECF*)
       Steven T. Wax, Attorney at Law (*via ECF*)