**FEDERAL PUBLIC DEFENDER**
DISTRICT OF OREGON

101 SW Main Street, Suite 1700
Portland, OR 97204
503-326-2123 / Fax: 503-326-5524

Branch Offices:

| | |
|---|---|
| 859 Willamette Street | 15 Newtown Street |
| Suite 200 | Medford, OR 97501 |
| Eugene, OR 97401 | 541-776-3630 |
| 541-465-6937 | Fax: 541-776-3624 |
| Fax: 541-465-6975 | |

LISA C. HAY
   Federal Public Defender
STEPHEN R. SADY
   Chief Deputy Defender
Bryan E. Lessley ▲
Christopher J. Schatz
Craig Weinerman ▲
Mark Bennett Weintraub ▲
Gerald M. Needham
Thomas J. Hester
Ruben L. Iñiguez
Anthony D. Bornstein
Susan Russell
Francesca Freccero
C. Renée Manes
Nell Brown
Kristina Hellman
Fidel Cassino-DuCloux

Alison M Clark
Brian Butler +
Thomas E. Price
Michelle Sweet
Mark Ahlemeyer
Rich Federico
Susan Wilk
Oliver W. Loewy
Elizabeth G. Daily ★
Josh Ewing ★

*In Memoriam*
Nancy Bergeson
1951 – 2009

▲ Eugene Office
+ Medford Office
★ Research /Writing Attorney

June 22, 2016

Molly Dwyer, Clerk
United States Court of Appeals
 for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      Re:   *United States v. Mohamed Osman Mohamud*, No. 14-30217
            Response to Government's Rule 28(j) letter of March 29, 2016

Dear Ms. Dwyer:

      The government's reliance on *United States v. Hasbajrami,* No. 11-cr-00623, 2016 WL 1029500 (E.D.N.Y. Mar. 8, 2016), is undercut by the opinion's failure to adequately address the issues briefed in the present case.

      The district court opinion skipped several essential steps of the analysis before this Court. The case did not involve a claim that the pretrial notice violation requires relief, nor did the court address the argument that the statute did not authorize the warrantless surveillance. Further, the court, as did the lower court in the present case, erroneously failed to review the facial challenge to the statute, adopting the position now rejected by the Supreme Court. *Compare* ER 193-96 *and Hasbajrami*, *supra*, at *7, *with City of Los Angeles v. Patel,* 135 S.Ct. 2443, 2449-51 (2015) ("We first clarify that facial challenges under the Fourth Amendment are not categorically barred or especially disfavored.").

      The district court failed to explain why the government can bypass the warrant requirement that protects Americans' communications simply by "targeting"

June 22, 2016
Page 2

foreigners, at least when those foreigners are communicating with Americans whose rights the Fourth Amendment protects. Its reasoning is basically a tautology: the surveillance is lawful because it is lawful to target foreigners abroad without a warrant. Moreover, the district court did not address the lawfulness of the secondary searches that result from converting surveillance targeting foreigners into a vast repository of information that is searched for the content of Americans' communications without individual judicial review. The district court offered no justification for derogating Americans' privacy interest in the content of international communications, leaving the implication that the government could search all Americans' international communications without a warrant and without any type of minimization.

Lastly, the district court did not examine the reasonableness of the minimization procedures in any depth. Those procedures place virtually no restriction on the government's warrantless retention and querying of Americans' communications. Rather, they allow the government to retain Americans' communications for 5 years (PRISM) or 2 years (Upstream) and to access the content of Americans' communications without any type of individualized judicial review, let alone a warrant.

        Yours truly,

        */s/ Stephen R. Sady*

        Stephen R. Sady
        Chief Deputy Federal Public Defender

SRS/jcd

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Jill C. Dozark*
Jill C. Dozark